## In re SEAHOLM.

(Circuit Court of Appeals, First Circuit. February 16, 1905.)

### No. 563.

1. BANKRUPTCY—DISCHARGE OF BANKRUPT—LIMITATION OF RIGHT.

Under Act Cong. Feb. 5, 1903, c. 487, § 4, 32 Stat. 797 [U. S. Comp. St. Supp. 1903, p. 411], amending section 14, subsec. "b," cl. 5, Bankr. Law July 1, 1898, c. 541, 30 Sat. 550 [U. S. Comp. St. 1901, p. 3428], so as to authorize the discharge of a bankrupt "unless he has * * * in voluntary proceedings been granted a discharge in bankruptcy within six years," a bankrupt cannot procure a discharge on own own application, either in voluntary or in involuntary proceedings, where within six years he has been granted a discharge in voluntary proceedings. The words "in voluntary proceedings" refer to the proceedings in which the prior discharge was granted, and not to the proceedings in which the second discharge is sought.

2. SAME—AMENDMENT TO STATUTE—RETROACTIVE OPERATION.

Act Cong. Feb. 5, 1903, c. 487, § 4, 32 Stat. 797 [U. S. Comp. St. Supp. 1903, p. 411], amending section 14, subsec. "b," cl. 5, Bankr. Law July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428], so as to withhold from the bankrupt his previous existing right of discharge in cases where he has in voluntary proceedings been granted a discharge within six years, is not, as applied to a bankrupt who petitions for a discharge after the passage of the amendment, objectionable as retroactive.

Petition for Revision of Proceedings of the District Court of the United States for the District of Massachusetts, in Bankruptcy.

Robt. H. Benny (Stebbins, Storer & Burbank, on the brief), for petitioner.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

ALDRICH, District Judge. This appeal from the District Court of Massachusetts relates to the grounds for refusing a discharge to a

bankrupt under the bankruptcy law of July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428], as amended by the act of Congress of February 5, 1903, c. 487, § 4, 32 Stat. 797 [U. S. Comp. St. Supp. 1903, p. 411], and raises the question whether the words "in voluntary proceedings," in section 14, subsec. "b," cl. 5, describe or have reference to the pending proceeding, in which the bankrupt himself stands upon his second application for a discharge, or to a previous and past proceeding, in which he has been discharged within six years.

But for the ingenious and somewhat subtle contention of the appellant, the meaning of the statute in this respect would seem to be clear, as, by omitting from subsection "b" all the grounds for refusing a discharge except the one material in this case, the statute would read, "investigate the merits of the application and discharge the applicant unless he has in voluntary proceedings been granted a discharge in bankruptcy. within six years." Such a reading necessarily results, as the conjunction "or" connects the subject "he" with the verb in each of the five succeeding clauses. Each clause introduced by "or" naturally and necessarily refers itself back to the subject "he" and the verb "has," the verb "has" obviously referring to the past. The argument, however, is made that, through possible punctuation, like introducing a comma after the word "proceedings," then under reasonable construction the words "in voluntary proceedings" would have reference to the proceeding in which the second discharge is sought, rather than to the earlier proceeding, in which the discharge was granted. We do not think the statute reasonably susceptible of such a construction; and it is quite certain that, under the well-known rules governing the interpretation of statutes, such a forced construction would not be warranted unless unmistakable and efficient historical considerations make it plain that it was so intended by Congress.

However, in view of the argument, which was pressed with apparent confidence, and which raises, perhaps, a possible question, we deem it not inappropriate to refer briefly to the historical causes (Sutherland on Statutory Construction, § 300; Gardner v. The Collector, 6 Wall. 499, 511, 18 L. Ed. 890) promoting legislative enlargement of the grounds for refusing a discharge to the bankrupt when it is sought upon his own application.

It must be observed that the idea of placing restrictions and limitations upon the number and frequency of discharges to be granted to the bankrupt upon its own application does not involve a new philosophy, nor is it a new feature of bankruptcy legislation. In the older bankruptcy statutes, both in this country and in England, refusal of the second discharge was not, as a rule, limited to situations in which the first discharge was in a voluntary proceeding, but a discharge on a second proceeding was denied when the first discharge was in an involuntary proceeding as well. Under the English bankruptcy act of 1890, if the bankrupt has on any previous occasion been adjudged a bankrupt, the discharge is refused altogether, or suspended for a period of not less than two years, or until a dividend of not less than 10 shillings on the pound has been paid; and this restriction upon the second discharge results without regard to whether the earlier bank-

ruptcy involved a voluntary or an involuntary proceeding, and without regard to lapse of time between the earlier and the later proceeding.

A similar feature was present in our own bankruptcy law of 1867 (Act March 2, 1867, c. 176, 14 Stat. 517), where a second discharge was only allowed when the bankrupt's estate was sufficient to pay 70 per cent.; the rigor of this restriction being qualified only by a provision which enabled three-fourths of the creditors to consent to a discharge upon payment of a less sum.

The debates in Congress in connection with the proposed amendments of 1903 to the law of 1898, enlarging the grounds for withholding a discharge, show that the amendments were directed against alleged abuses, through the frequency of bankruptcy proceedings instituted by the same individual, and from repeated discharges in bankruptcy upon the application of the bankrupt, and that such ad libitum discharges resulted from the absence of the usual restriction upon the bankrupt, which was omitted through oversight.

The fifth clause of the amendments, as originally drawn and under debate in the House of Representatives, where it was attacked as oppressive to the bankrupt, was sufficiently comprehensive to direct itself against a discharge if the applicant had been granted or denied a discharge within six years in either voluntary or involuntary proceedings. It was as follows: "or (5) been granted or denied a discharge in bankruptcy within six years." The debates show that those who were against the proposed amendment, on the ground that it was oppressive, urged that a debtor ought to be discharged in an involuntary proceeding instituted by the creditors who had taken his assets, without regard to the number or the character of the previous proceedings or discharges, yet, after full debate, the amendment passed the House in its comprehensive terms, and without modification. The Senate, by amendment, modified the rigid terms of the House proposition by striking out the words "or denied," and inserting the words "in voluntary proceedings," thus presenting to the House the present clause 5, which in two substantial respects modified the House proposition: First, by omitting the words "or denied," thus limiting its operation to cases in which a discharge has been actually granted; and, second, by inserting the words "in voluntary proceedings," which withdraws its operation from cases in which the bankrupt has been discharged in a previous involuntary proceeding.

Under the Senate amendment, it was left that the applicant shall be discharged "unless he has * * * in voluntary proceedings been granted a discharge in bankruptcy within six years." To the modified clause presented by the Senate, the House agreed, and it became a law.

In view of the sweeping terms of clause 5, as originally drawn and passed by the House, and of the Senate amendment, which was merely a modification of the House policy or proposition, rather than a reversal, the conclusion is irresistible that it was not the purpose of Congress to allow a second discharge to a debtor upon his own application if the prior discharge was granted to him in a voluntary proceeding within the time limitation under which the clause operates—in other words, that it was the final intention of Congress to give the bankrupt

a second discharge, on his own application, in a subsequent involuntary proceeding, only in cases where his first discharge was in an involuntary proceeding.

The appellant's other point is that the amendment, under such construction, is retroactive, because, under the old law, the bankrupt would be entitled to a second discharge in either a voluntary or an involuntary proceeding. It is a sufficient answer to this, we think, to say that the proceeding in which the point is taken was instituted subsequently to the amendment which changed the law.

There was no vested right in the bankrupt to have the law stand as it was. No one would seriously question the right of Congress to modify the law, and state the conditions upon which debtors in the future could be discharged from their indebtedness, and, when the bankrupt made his application for a discharge in this proceeding, he invoked the law as it then was; and, under the statute of 1903, as we view it, the fact that he had been previously discharged from his indebtedness in a voluntary proceeding within six years was a statutory ground for withholding a second discharge upon his own application in this subsequent involuntary proceeding.

Judge Lowell's ruling in this case was based upon his earlier opinion in In re Carleton (D. C.) 131 Fed. 146, and we think the view there expressed as to both questions is the correct one, in respect to the statute as it now stands.

We have no occasion to inquire in this case whether a second discharge of a bankrupt could be effected in an involuntary proceeding upon consent or application of creditors, notwithstanding the fact that he had been discharged upon his own application in a prior voluntary proceeding within six years.

The decree of the District Court is affirmed.