In the Matter of Gwendolyn Elizabeth SHELL, Debtor.

Bankruptcy No. 81–00195.

United States Bankruptcy Court, E. D. Wisconsin.

Oct. 30, 1981.

James R. Sommers, Waukesha, Wis., for creditor, Carroll College.

Clifton Owens, Milwaukee, Wis., for debtor, Gwendolyn E. Shell.

## DECISION AND ORDER

HOWARD W. HILGENDORF, Bankruptcy Judge.

The debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on January 23, 1981. The trustee filed a No-Asset Report on March 25, 1981 and the discharge was entered on May 8, 1981. Prior to the discharge on April 15, 1981 Carroll College filed a complaint objecting to the dischargeability of a student loan in the sum of $4,500 under the provisions of Sec. 523(a)(8) of the Code. This adversary proceeding remains undetermined.

On June 17, 1981 an application for dismissal of the voluntary petition was filed by the debtor. Notice was sent to all creditors and an objection to dismissal was filed by Carroll College. A hearing on the objection was held on July 29, 1981.

Section 707 of the Bankruptcy Code governs the dismissal of Chapter 7 cases and provides as follows:

The court may dismiss a case under this chapter only after notice and hearing and only for cause, including

(1) unreasonable delay by the debtor that is prejudicial to creditors; and

(2) nonpayment of any fees and charges required under Chapter 123 of Title 28.

■ A debtor is free to choose if and when to file a voluntary petition under Chapter 7 of the Code. Once it is filed, however, the petition may not be dismissed without a court order and for cause. *In re Reynolds*, 4 B.R. 703, 6 BCD 575 (Bkrtcy. 1980). The application for dismissal filed by the debtor in this case contains no reason for the dismissal but is simply a request by the debtor that the case be dismissed. Carroll College objects to the dismissal principally because if the pending case is dismissed Carroll College believes the debtor will then file a new petition which will be beyond the five-year period and thus the student loan will be dischargeable.[1]

Considering all the evidence before the court there has not been a showing of good cause for the dismissal of the petition. For lack of good cause, and because of the objection by the principal creditor, the application must be denied.

■ A further reason for the denial of the application is that it was not timely filed. The discharge of all the debts, except for the student loan, was entered on May 8, 1981 before the application to dismiss the case was filed. Possibly the court could construe the application for dismissal as a motion to revoke the discharge, but such request was not made. Ordinarily a motion to dismiss a voluntary petition should be made before the discharge is entered because the discharge is tantamount to a final judgment in the case and establishes the rights of the parties.

Although the debtor's application for dismissal is denied, it should be noted that the

---

1. Under § 523(a)(8) of the Code an educational loan is dischargeable if the bankruptcy petition is filed more than 5 years after the loan first became due.

debtor may still seek relief under Chapter 13 of the Code. Under Chapter 13 a debtor may file a plan to make payments to creditors in accordance with her economic circumstances over a three year period. If a plan is confirmed under Chapter 13, educational loans may be discharged.

For the reasons stated, the application for dismissal is denied.