**In re Michael John FLACK dba M Star Productions and Mary Sharlene Flack, Debtors.**

**Bankruptcy No. 81–00175.**

United States Bankruptcy Court,
N. D. Iowa,
Cedar Rapids Division.

March 22, 1982.

James E. Bennett, Cedar Rapids, Iowa, for debtors.

R. Fred Dumbaugh, Cedar Rapids, Iowa, trustee.

ORDER, with Memorandum, Denying Debtors' Motion to Vacate Discharge Order

WILLIAM W. THINNES, Bankruptcy Judge.

The matter before the Court is a Motion to Vacate the Flacks' Discharge in Bank-ruptcy so that the Flacks may amend their Petition. On November 9, 1981, the matter came before the Court for hearing. James E. Bennett appeared as attorney for the Debtors. Argument was heard, and the matter was taken under advisement. The Court, having been fully advised, now makes the following Findings of Fact, Con-clusions of Law, and Orders:

## FINDINGS OF FACT

1. During February or March, 1981, Mi-chael John Flack and Mary Sharlene Flack, debtors, incurred $71.60 worth of debt. When the Flacks later filed a chapter seven joint petition, they omitted these debts.

2. On June 3, 1981, the Flacks filed their bankruptcy petition. The Flacks listed $9,528.46 in total debts: $850.42 in priority debts, $3,614.09 in secured debts, and $5,063.95 in unsecured debts.

3. On June 22, 1981, the Trustee filed his Notice of Abandonment and Report of No Distribution, but no final order has been entered closing the Flacks' bankruptcy case.

4. On July 28, 1981, the Flacks became indebted to Mercy Hospital [Cedar Rapids, Iowa] in the amount of $2,319.60. This debt was incurred for medical expenses arising from complications surrounding the birth of their child.

5. On August 9, 1981, the Flacks became indebted to the University of Iowa Hospi-tals and Clinics [Iowa City, Iowa] in the amount of $3,249.18. This debt was also incurred for medical expenses arising from complications surrounding the birth of their child.

6. On August 11, 1981, this Court grant-ed the Flacks a Discharge in Bankruptcy. At that time, the Court sent the Flacks notice of their 11 U.S.C. § 524 Discharge hearing.

7. During August, 1981, the Flacks in-curred $10,292.89 in additional debts for hospital bills.

8. On September 21, 1981, the Flacks filed a Motion to Vacate their Discharge.

9. At the hearing on this Motion, counsel stated that the Flacks did not act earlier because the shock of their child's illness prevented them from communicating with their attorney. Notice of this hearing was sent only to the Flacks, their attorney, and the Trustee.

## CONCLUSIONS OF LAW

1. The only debts discharged under 11 U.S.C. § 727 are debts arising before the filing of a bankruptcy petition. There are exceptions, which are treated as pre-petition debts and which are not applicable in the instant matter.

2. Debtors will receive relief from these post-petition debts only if the court sets aside their discharge and the debtors dismiss and refile their bankruptcy petition.

3. A bankruptcy court cannot set aside a discharge in order to allow debtors to dismiss and refile. An Order granting a debtor a bankruptcy discharge is a final judgment. By setting aside a discharge, a bankruptcy court would frustrate legitimate expectations of post-petition creditors that arise from such a final judgment.

## ORDERS

IT IS THEREFORE ORDERED that the Debtors' Motion be denied and dismissed.

## MEMORANDUM

The question before the Court is whether the Flacks can dismiss their chapter seven petition after they have been granted a discharge in order to allow them an opportunity to refile such a petition.

## DIVISION I

This Court discharged $9,528.46 in debts owed by the Flacks. The Flacks now seek to amend their Bankruptcy Schedules of assets and liabilities to add debts totaling $25,882.17 to their list of unsecured claims without priority. Of these claims, only $71.60 was incurred before the Flacks filed their petition. The rest arose after the filing, i.e., were post-petition debts. The Flacks' purpose for amending their petition is to obtain a discharge of these post-petition debts. This purpose, however, can be effectuated only if the Flacks' discharge is set aside, and they dismiss and refile their chapter seven petition. The only debts discharged under chapter seven are those which arose before the chapter seven petition was filed, with the exception of certain debts which are not involved here. 11 U.S.C. §§ 302(a), 727(b). Debts arising after the filing cannot be discharged in the case commenced by that filing. Therefore, in order for the Flacks to obtain relief from their post-petition debts, they must first establish a right to a dismissal.[1]

## DIVISION II

■ Section 707 of the Bankruptcy Code contains the provisions for dismissal under chapter seven;

> The court may dismiss a case under [Chapter 7] only after notice and a hearing and only for cause, including—(1) unreasonable delay by the debtor that is prejudicial to creditors; and (2) nonpayment of any fees and charges required under chapter 123 of title 18.

11 U.S.C. § 707. The grounds given in subsections (1) and (2) of this section are by way of illustration and not limitation. 11 U.S.C. § 102(3); H.R.Rep.No.95–595, 95th Cong., 1st Sess. [1977], U.S.Code Cong. & Admin.News 1978, p. 5787. Whether the dismissal that is sought by the Flacks can be granted is a question which divides the bankruptcy courts. Some courts allow the debtor to dismiss. *In re Wolfe*, 12 B.R. 686, 4 C.B.C.2d 555 (Bkrtcy.S.D.Ohio 1981); *In re Jackson*, 7 B.R. 616, 6 B.C.D. 1373 (Bkrtcy.E.D.Tenn.1980); *In re Wirick*, 3 B.R. 539, 6 B.C.D. 354 (Bkrtcy.E.D.Va.1980). The majority do not. *In the Matter of Shell*, 14 B.R. 1010 (Bkrtcy.E.D.Wis.1981)

---

1. Reliance by the Flacks on Bankruptcy Rule 515 and on 11 U.S.C. § 350(b) is misplaced. By their terms, they apply only after the case has been closed. The Flacks' case has not been closed. This Court has yet to discharge the Trustee. 11 U.S.C. § 350(a). Moreover, even if this case were closed, reopening it would not change the key date, i.e., the filing date.

(debtor had received a § 727 discharge prior to filing Motion to Dismiss); *In re Underwood*, 7 B.R. 936, 7 B.C.D. 130, 3 C.B.C.2d 640 (Bkrtcy.S.D.W.Va.1981) (motion filed prior to granting of discharge); *In the Matter of Blackmon*, 3 B.R. 167, 6 B.C.D. 66 (Bkrtcy.S.D.Ohio 1980) (same); *In the Matter of Halverson*, 1 C.B.C.2d 906 (Bkrtcy.W.D.Wis.1980). *See In re Hall*, 15 B.R. 913 (Bkrtcy. 9th Cir., 1981).

*In the Matter of Shell, supra*, involved a factual situation similar to this case. In *Shell*, the debtor sought to dismiss her petition after her discharge had been granted. The *Shell* court denied the motion, holding that the debtor, who had not set forth any reason for the dismissal, had not demonstrated sufficient cause under 11 U.S.C. § 707 to warrant a dismissal. Additionally, the Court found that the motion had not been timely filed because it had been filed after the debtor had been granted a discharge. "Ordinarily a motion to dismiss a voluntary petition should be made before the discharge is entered because the discharge is tantamount to a final judgment in the case and establishes the rights of the parties." *In the Matter of Shell*, 14 B.R. at 1011.

▮ This Court finds the reasoning in *Shell* to be persuasive. A dismissal standing alone would not relieve the Flacks of their post-petition debts. To allow the Flacks to avoid their post-petition debts, this Court would have to set aside the Flacks' discharge. 11 U.S.C. § 349; H.R. Rept.No.95–595, 95th Cong., 1st Sess. (1977).[2] With their discharge set aside, the Flacks could dismiss and refile, thus obtaining their promised "fresh start." A "fresh start" in bankruptcy, however, means more than relieving debtors from the oppressive burdens of their debts. That phrase must also mean that post-petition creditors can rely on full payment from debtors who have received a discharge. Those debtors are no longer overburdened by debt and they cannot receive another chapter seven discharge for another six years, 11 U.S.C. § 727(a)(8). By being able to rely on the possibility of full payment, post-petition creditors will be encouraged to extend credit to debtors who have received a discharge, thus increasing the likelihood for a successful fresh start by the debtor. If this Court made effective dismissal possible for the Flacks by setting aside their discharge, the post-petition creditors who relied on the Flacks' discharge would have their reasonable expectations of full payment defeated by a second filing and a subsequent discharge.[3] Therefore, this Court concludes the Flacks cannot dismiss their chapter seven petition.

## DIVISION III

The analysis developed in the previous division does not apply to the $71.60 worth of debt incurred before the filing of the Flacks' petition. *In the Matter of Gershenbaum*, 598 F.2d 779 (3rd Cir. 1979). Moreover, the Court is not unmindful of the fact that the debtors may still seek some other type of relief under the Bankruptcy Code even though their Motion to Dismiss has been denied.

**2.** H.R.Rept.No.95 -595, 95th Cong., 1st Sess. (1977) states: If the debtor has already received a discharge and it is not revoked, then the debtor would be barred under section 727(a) from receiving a discharge in a subsequent liquidation case for six years.

**3.** The Flacks' post-petition creditors have made no showing that they relied on the Flacks' discharge. These creditors, however, received no notice of the hearing on the motion to vacate the discharge order. Moreover, the Flacks have an affirmative burden of showing that the creditors did not detrimentally rely on the granting of the Flacks' discharge. *In re Halverson, supra*, at 907.