**In re Stephen GARROW and Lorna Garrow, Debtors.**

**Bankruptcy No. 84–00156.**

United States Bankruptcy Court, D. Vermont.

April 30, 1985.

James Allan Dumont, Montpilier, Vt., for debtors.

Timothy N. Maikoff, of office of trustee, David D. Robinson, Rutland, Vt., Andrew Jackson, Middlebury, Vt., for Middlebury Large Animal Clinic.

Sigismund Wysolmerski, Rutland, Vt., for Old Fox Chemicals.

James Jeka, for Small Business Admin.

Donald Powers, Middlebury, Vt., for Town of Brandon.

William O'Rourke, of Ryan, Smith & Carbine, Ltd., Rutland, Vt., for Rutland Regional Medical Center and Otter Valley Supply, Terry Kline, First Brandon Nat. Bank, Russell Carpenter, Champlain Valley Equipment, Richard Huestes, Huestes Farm Supply.

## MEMORANDUM OPINION

CHARLES J. MARRO, Bankruptcy Judge.

This matter is before the Court on the Motion of the Debtors filed February 14, 1985 for dismissal of their Petition pursuant to § 707 of the Bankruptcy Code. This Motion was heard after notice and after the filing of objections by the Trustee, David D. Robinson, Esquire; the Rutland Regional Medical Center; Champlain Valley Equipment, Inc.; Old Fox Chemical; and Middlebury Large Animal Clinic, Inc., creditors of the Debtor. At the hearing several other creditors voiced objections to the dismissal of the Petition. § 707 which provides for dismissal reads as follows:

"The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—

"(1) unreasonable delay by the debtor that is prejudicial to creditors; and

"(2) nonpayment of any fees and charges required under chapter 123 of title 28."

The Debtors are farmers, and they originally filed for relief on September 25, 1984 under Chapter 13 of the Bankruptcy Code, but the case was converted to a Chapter 7 liquidation on December 11, 1984 ostensibly because the Debtors had arranged a reaffirmation agreement with the creditor holding a lien on all or almost all of their farm equipment. With such reaffirmation they felt that they could make a "fresh start" and continue with their farming operations.

Prior to the filing of the Motion for Dismissal by the Debtors, the Trustee did on January 16, 1985 file a Complaint against the Small Business Administration to avoid a security interest in accounts, contract rights, all inventory, equipment and machinery of every nature and description belonging to the Debtors wherever located and whether then owned or thereafter acquired including but not limited to chattels on a list held at the First Vermont Bank and Trust Company, Brandon, Vermont.

In his Complaint the Trustee alleges that the security interest was unperfected and there is attached as Exhibit "A" a financing statement which shows Stephen Garrow and Lorna Garrow as debtors and the First Vermont Bank and Trust Company as secured party. This statement is executed by the First Vermont Bank and Trust Company, but it is not signed by the Debtors.

An Answer was filed by the Small Business Administration in which it admits that the financing statement was not signed by the Debtors. The documentation attached to the Complaint makes no reference to the Small Business Administration, but, apparently, the security interest of the First Vermont Bank and Trust Company has been assigned to Small Business Administration.

In his objection to dismissal, the Trustee argues that the security interest of Small Business Administration can be avoided and that the proceeds received from the sale of the inventory, equipment and machinery of the Debtors after administration expenses will be distributed to creditors. In addition, the Trustee contends that there has been a transfer of certain farm equipment, cows, feed and cash from the Debtors to their son, Howard Garrow, within one year prior to the filing of the Petition for Relief and that this transfer is avoidable as a preference. In the event of a dismissal, the Trustee further argues that the Small Business Administration will proceed to obtain a signed financing statement from the Debtors and file the same pursuant to the requirements of the Uniform Commercial Code with the result that its security interest will be perfected to the detriment of unsecured creditors. In addition, the creditors will suffer as a result of the elimination of the opportunity by the

Trustee to avoid the alleged preference resulting from the transfer of the farm equipment, cows, feed and cash to the son of the Debtors.

The other objecting creditors voiced very strong objections to a dismissal of the case since they felt that they would be in a better position to receive some sort of payment on their claims by the continuing administration of this case in Bankruptcy Court.

The Debtors suggest that the Trustee is not a proper party to object to dismissal, citing *In Re Wirick* (Bkrtcy.E.D.Va.1980), 3 B.R. 539, 1 C.B.C.2d 978. This case seems to limit the right of the trustee to object only for the purpose of insuring that his fees, costs and other expenses are paid prior to dismissal. It is noted, however, that in Wirick no creditor objected which makes it distinguishable from the instant case in which several creditors are protesting the dismissal vigorously. The Court also observes that a contrary result was reached by the Fourth Circuit. See *Penick v. Tice*, 732 F.2d 1211, 10 C.B.C.2d 828 (4th Cir.1984) in which the Court held that a Chapter 7 trustee has standing to object to a debtor's application for voluntary dismissal on behalf of unsecured creditors who have not affirmatively consented to the dismissal.

The Debtors also contend that § 707 does not apply to them since they are seeking a voluntary dismissal. They again cite *Wirick*, supra, at page 982 as follows:

"... it is doubtful whether § 707 addresses a debtor's voluntary petition to dismiss at all. It seems to contemplate only the situation where parties other than the debtor seek dismissal of the bankruptcy debtor's petition."

Other courts have applied § 707 where the debtor has moved for voluntary dismissal. *Gill v. Hall* (9th Cir.B.A.P.1981), 15 B.R. 913, 5 C.B.C.2d 1028; *In Re Blackmon* (Bkrtcy.S.D.Ohio—1980) 3 B.R. 167, 1 C.B.C.2d 604; *In Re Shell* (Bkrtcy.E.D.Wisconsin 1981) 14 B.R. 1010, 5 C.B.C.2d 588; *In Re Halverson* (Bkrtcy.W.D.Wisconsin 1980) 1 C.B.C.2d 906.

In applying § 707 the Court may dismiss the petition only if cause is established which may include unreasonable delay prejudicial to creditors and nonpayment of fees or charges. These two causes are not exhaustive but illustrative and the court may dismiss the case on other grounds where "cause" is shown to exist. 4 Collier 15th Ed. 707–3–4. However, the legislative history of § 707 indicates that it does not contemplate that the ability of the debtor to repay his debts in whole or in part constitutes adequate cause for dismissal. To permit dismissal on that ground would be to enact a nonuniform mandatory Chapter 13 in lieu of the remedy of bankruptcy. H.R.Rep. No. 595, 95th Cong. 1st Sess. 380 (1977), U.S.Code Cong. & Admin. News 1978, p. 5787; S.Rep. No. 989, 95th Cong. 2d Sess. 94 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787.

The Debtors have failed to establish cause for a voluntary dismissal of their petition. They merely assert that they may be in a position to reaffirm their debt with the secured creditor holding a security interest in their inventory, equipment and machinery. By doing so they would be able to retain it for use in their occupation as farmers and hence obtain a "fresh start." Unfortunately, the secured creditor apparently does not hold a perfected security interest in this collateral and a dismissal would, at least until there has been a determination of the status of such security interest, result in a potential detriment to other creditors. The same result would occur by dismissal before the Trustee is allowed to test the alleged preference in favor of the debtors' son. Where such potential detriment to creditors exists dismissal should not be granted. *In Re Halverson*, supra, at page 907; *In Re Keller* (Bkrtcy.W.D.Wis.1977) 3 B.C.D. 1261. On the other hand at least one court has held that a dismissal should be "controlled by equitable principles." *In Re Wolfe* (Bkrtcy.S.D. Ohio—1981) 12 B.R. 686, 4 C.B.C.2d 555.

■ In the instant case potential detriment to creditors would ensue if dismissal is granted. Further, the application of "equitable principles" warrants the denial of the motion to dismiss. The Court recognizes that one of the purposes of bankruptcy is to give a debtor a fresh start—a "new opportunity in life and a clear field for future effort, unhampered by the pressure of pre-existing debt—" *Lines v. Frederick*, 400 U.S. 18, 19, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970). However, equity dictates that this "fresh start" to the debtor must be coupled with a fair and equitable distribution of his unencumbered assets among all of his creditors. A dismissal at this time would thwart the ability of the trustee to accomplish such an equitable distribution.

The objections of the Trustee and of the creditors to dismissal should be sustained. The Clerk shall enter a Judgment in accordance with this Memorandum.