**In re Richard Bartlett CECIL, Jr., Cheryl Theresa Shaw Cecil, Debtors.**

**Bankruptcy No. 5–86–00355.**

United States Bankruptcy Court,
W.D. Virginia,
Harrisonburg Division.

April 3, 1987.

William A. Parks, Jr., Hot Springs, Va., for debtors.

Jeffrey A. Crackel, Clifton Forge, Va., for Richard R. Markley and Suzanne M. Markley.

## MEMORANDUM OPINION

ROSS W. KRUMM, Bankruptcy Judge.

*Facts*

This matter comes on upon the Motion to Dismiss the Chapter 7 proceeding of Richard Bartlett Cecil, Jr. and Cheryl Theresa Shaw Cecil (hereinafter referred to as "the Cecils") filed by Richard R. Markley and Suzanne M. Markley (hereinafter referred to as "the Markleys"). As grounds for dismissal, the Markleys assert 11 U.S.C. § 707(a) and § 707(b).

The allegations in the Motion to Dismiss state that the granting of relief to the Cecils in Chapter 7 would be a "substantial abuse" of the provisions of the Bankruptcy Code. The Markleys' objection stems from their claim to be owed the sum of $6,272.22 as a result of damages caused by the Cecils' breach of a certain real estate contract. From the hearing on the Motion to Dismiss and from an examination of the proof of claim filed by the Markleys, it appears that the Cecils and the Markleys entered into a contract dated April 14, 1986, for the Cecils' purchase of real estate in Alleghany County, Virginia. It was contemplated by the parties that the Cecils would obtain VA financing for purchase of the property. Mr. Cecil testified at the hearing on the Motion that the VA financing did not materialize in the manner in which he had anticipated and his plans for remaining in the Covington area changed. In fact, Mr. Cecil took a teaching position in South Carolina fully expecting to be released from his obligation to the Markleys for purchase of the property. Mr. Cecil's expectation of release was based upon his release from a prior contract of sale involving other property but the same realtor.

The Markleys were unwilling to release the Cecils from the contract of sale and, upon learning this, Mr. Cecil took steps to have his loan application reinstated and attempted to have his job and his wife's job reinstated. He was successful in having the loan application reinstated and in having his wife's job reinstated. However, he

was unable to obtain reinstatement of his teaching position in the Covington, Virginia area. Ultimately, the bank, although having reinstated the loan application, refused to commit to loan the funds since Mr. Cecil's only place of employment was in the State of South Carolina. Thus, in July of 1986, when the Markleys sued the Cecils for specific performance, Mr. Cecil was confronted with lack of employment in the State of Virginia and a contract of sale for the purchase of real estate in the State of Virginia under which he could not perform.

Due to his situation, Mr. Cecil also incurred other indebtedness in late July and early August of 1986. Specifically, he purchased a vehicle and borrowed money from a teacher's credit union. Upon examination, Mr. Cecil testified that he purchased the automobile because he was going to be working out of state and needed transportation to commute back and forth from South Carolina and Virginia. As for the loan from the credit union, Mr. Cecil testified that it was incurred to pay for moving expenses to South Carolina for himself.

The Markleys' Motion to Dismiss alleges that all of the debts incurred by the Cecils are being paid by the Cecils post-petition with the exception of the indebtedness owed by the Cecils to the Markleys for damages for breach of the contract. At hearing on the Motion to Dismiss, however, Mr. Cecil testified that he was not paying J.C. Penney, Visa, the surveyor involved in the real estate transaction, the exterminator involved in the real estate transaction, and the realtor involved in the real estate contract. Other debts of the Cecils for purchase of consumer goods, automobiles and for borrowing from the credit union for moving expenses were being paid by the Cecils post-petition.

On September 2, 1986, the Cecils filed a petition for relief under Chapter 7 of the United States Bankruptcy Code. Although the Markleys did not file any complaint objecting to discharge prior to the filing deadline set in the Court's Order for meeting of creditors, they did file their Motion to Dismiss the Chapter 7 proceeding under 11 U.S.C. § 707 on December 8, 1986, which was the filing deadline for objecting to dischargeability of a debt under 11 U.S.C. § 523(c) and to the general discharge of all debts under 11 U.S.C. § 727.

The thrust of the Markleys' Motion to Dismiss is that the Cecils incurred a significant amount of indebtedness both to them and to other creditors just prior to the filing of their petition for relief, that postpetition they have paid a substantial number of their creditors and continue to pay them, and that the Cecils are not paying the debt owed to the Markleys. In short, the Markleys believe that the Cecils' filing of their Chapter 7 petition was part of a plan to obtain a discharge of the Markleys' debt only and that the Cecils' intent was to pay all other creditors post-petition.

### Law

As set forth above, the basis for the Motion to Dismiss is 11 U.S.C. § 707(a) and 11 U.S.C. § 707(b). The Court will deal first with the Motion to Dismiss under 11 U.S.C. § 707(b).

This case was initiated prior to the 1986 amendments to the Bankruptcy Code. The pre-amendment version of 11 U.S.C. § 707(b) states as follows:

> After notice and a hearing, the court, on its own motion and not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter [11 U.S.C. §§ 701, *et seq*]. There shall be a presumption in favor of granting the relief requested by the debtor.

11 U.S.C.A. § 707(b) (Cum.Supp.1986).

In the case at bar, the Markleys, as parties in interest, have filed a Motion to Dismiss through 11 U.S.C. § 707(b), the substantial abuse section of the Bankruptcy Code. This Court is of the opinion that the statute denies creditors standing to move for such a dismissal. *See Matter of Christian*, 804 F.2d 46 (3d Cir.1986). There is only one case which this Court finds which might permit a proceeding un-

der 11 U.S.C. § 707(b) at the instance of a creditor. *In re Hudson,* 56 B.R. 415 (Bankr.N.D.Ohio 1985). This Court is of the opinion that the *Hudson* case is distinguishable from the case at bar in that in *Hudson* the bankruptcy court initiated the inquiry under 11 U.S.C. § 707(b) and there is no indication as to how the substantial abuse issue was brought to the Court's attention by a party in interest. Accordingly, the Markleys cannot prevail on the substantial abuse issue under 11 U.S.C. § 707(b).

However, counsel for the Markleys raises a novel question when he argues that 11 U.S.C. § 707(a) permits dismissal for cause and argues that one of the causes available under § 707(a) can be "substantial abuse." In short, the Markleys argue that they should be able to bring their Motion to Dismiss for substantial abuse under 11 U.S.C. § 707(a) even though the Code seems to confine the substantial abuse issue to 11 U.S.C. § 707(b).

■ Prior to the Bankruptcy Amendments and Federal Judgeship Act of 1984, § 707(a) was the only provision under § 707 of the Bankruptcy Code which vested the Court with authority to decide whether a case should be dismissed. Section 707(a) reads as follows:

> (a) The court may dismiss a case under this chapter [11 U.S.C. §§ 701, *et seq.*] only after notice and a hearing and only for cause, including—
>
> (1) unreasonable delay by the debtor that is prejudicial to creditors; [or]
>
> (2) nonpayment of any fees or charges required under chapter 123 of title 28 [28 U.S.C. §§ 1911 *et seq.*].

11 U.S.C.A. § 707(a) (Cum.Supp.1986).

Under § 707(a), the bankruptcy court can dismiss only for "cause". Cause is not defined in § 707(a) of the Bankruptcy Code. However, two causes are illustrated in the Code section. It is clear from the legislative history and from the case law that the two examples set forth in the Code are intended to be illustrative and not exhaustive of grounds for cause under § 707(a). H.R.Rep. No. 595, 95th Cong., 1st Sess. 380 (1977), U.S.Code Cong. & Admin.News

1978, p. 5787. *See also In re Garrow,* 50 B.R. 796 (Bankr.D.Vt.1985). However, a survey of the case law decided under 11 U.S.C. § 707(a) does not reveal any case law holding that substantial abuse was cause under § 707(a) for dismissal of a debtor's Chapter 7 proceeding.

In 1984, § 707(b) was added to the Bankruptcy Code in response to concerns expressed by the credit industry that some debtors who could pay their creditors might resort to Chapter 7 to avoid their obligations. As set forth in the legislative history, § 707(b) represented a balancing of two interests. On the one hand, it preserved the fundamental concept of the "fresh start" for debtors who cannot pay their debts. On the other hand, § 707(b) was designed to sustain the interest of creditors in obtaining repayment by the debtor where such repayment would not be a burden. S.Rep. No. 65, 98th Cong., 1st Sess. 43 (1983).

■ Thus, prior to 1984, both Congress and the credit industry did not equate "cause" under § 707(a) to include "substantial abuse." Otherwise, there would have been no necessity for the enactment of § 707(b). Based upon the foregoing, this Court declines to now include "substantial abuse" as cause for dismissal under 11 U.S.C. § 707(a). To hold otherwise would seem to permit a creditor to accomplish under § 707(a) that which Congress intended to reserve solely to the bankruptcy court under § 707(b). Further, to hold that substantial abuse could be cause under § 707(a) would fly in the face of the legislative intent in wording § 707(b) as enacted. Senator Metzenbaum, in commenting on § 707(b), stated as follows: "This [excluding actions by parties in interest] will preclude creditors from making bankruptcy too expensive for the debtor by filing harassing motions alleging substantial abuse." 130 Cong. Rec. S7624–25 (daily ed. June 19, 1984).

■ Having determined that § 707(b) is unavailable to the creditor in the case at bar and having determined that substantial abuse as cause under § 707(a) is unavail-

able to the creditor in the case at bar, the Court now turns its attention to the question of whether other cause exists under § 707(a) for dismissal of the Cecils' Chapter 7 proceeding. Since cause is not defined in § 707(a), the determination of cause rests within the sound discretion of the bankruptcy court. *In re Heatley*, 51 B.R. 518, 519 (Bankr.E.D.Pa.1985). In exercising its discretion, the bankruptcy court is guided by general equitable principles, including the balancing of competing interests. Id. at 519–20. *See In re Martin*, 30 B.R. 24, 27 (Bankr.E.D.N.C.1983).

In the case at bar, the overriding interest of the Debtor is to obtain a discharge and commence with the "fresh start" that the bankruptcy law affords. The interest of the creditors in this case, the Markleys, is repayment of the debt owed by the Cecils. The Markleys, as evidenced by their pleadings and argument of counsel, feel strongly that the Cecils incurred a significant amount of indebtedness just prior to the filing of the bankruptcy proceeding, that they filed the bankruptcy proceeding solely to eliminate the debt owed to the Markleys, and that they are repaying, post-petition, all indebtedness other than the Markley indebtedness, thereby evidencing the ability to repay.

However, evidence from Mr. Cecil at trial shows that other debts listed by the Cecils in their Chapter 7 proceeding are not now being paid by the Cecils post-petition due to inability to pay. Moreover, § 524(f) of the Bankruptcy Code, which was added by the Bankruptcy Amendments and Federal Judgeship Act of 1984, specifically states that there is no prohibition against voluntary payment of debts.

An examination of the Debtors' budget filed with their schedules and statement of affairs does not demonstrate a clear ability to repay debts in whole or in part and even if the budget did so indicate, it is clear that the ability to repay in whole or in part is not grounds, in and of itself, for dismissal under § 707(a). *See, e.g., In re Garrow*, 50 B.R. 796 (Bankr.D.Vt.1985).

The Debtors in this case were confronted with a series of unfortunate circumstances. First, they contracted to buy a home in the Covington area, then they decided they did not like the area, the husband accepted a job in South Carolina and both Debtors quit their jobs in the Covington area, all of which was based on the mistaken assumption that they could get out of their real estate contract. When it became apparent that the Debtors could not rescind the contract, they tried to reverse what they had done. However, they were not entirely successful. As a result, the husband was forced to take employment in South Carolina and new debts were incurred. The fact that the Markleys, as creditors, are not going to be paid is also an unfortunate circumstance. Creditors are regularly disappointed in Chapter 7. However, this does not constitute cause for dismissal under 11 U.S.C. § 707(a) and this Court does not find sufficient other cause to warrant dismissal under § 707(a).

For the foregoing reasons, the Markleys' Motion to Dismiss under 11 U.S.C. § 707 will be denied and an appropriate Order will issue.