**Randall L. HAMMERER, Debtor and Plaintiff,**

v.

**INTERNAL REVENUE SERVICE and Department of Revenue, Defendants.**

**Bankruptcy Nos. 81–1440, 81–01095.**

United States Bankruptcy Court, E. D. Wisconsin.

March 16, 1982.

Robert N. Meyeroff, Milwaukee, Wis., for debtor and plaintiff.

Nelson E. Shafer, Dist. Counsel, Internal Revenue Service, Milwaukee, Wis., and Atty. Nancy Morgan, Tax Div., Dept. of Justice, Washington, D. C., for Internal Revenue Service.

John Fliss, Wis. Dept. of Revenue, Madison, Wis., for Wis. Dept. of Revenue.

ORDER

D. E. IHLENFELDT, Bankruptcy Judge.

The debtor filed this action seeking either to have his 1977 federal income tax liability discharged in bankruptcy or to voluntarily dismiss his original petition in bankruptcy in order to refile. The United States filed a motion to dismiss.

The debtor filed his federal individual income tax return (Form 1040) for the year 1977 on February 27, 1978. The debtor's Form 1040 for 1977 was timely filed in that the due date was April 17, 1978.* The

---

* Because April 15, 1978 fell on a Saturday, the due date was the following business day, April 17, 1978.

debtor filed a voluntary chapter 7 petition in bankruptcy on April 10, 1981, and was ordered discharged on July 20, 1981.

 Bankruptcy Code (11 U.S.C.) Section 523(a)(1)(A) provides that individuals are not discharged under Bankruptcy Code Section 727 for claims which fall within Bankruptcy Code Section 507(a)(6). Code Section 507(a)(6)(A)(i) renders nondischargeable claims for federal income taxes for which a return was due less than three years before the voluntary petition was filed. Because the debtor's Form 1040 was due on April 17, 1978, which was less than three years before debtor filed his petition in bankruptcy on April 10, 1981, the debtor's 1977 income taxes are nondischargeable.

Alternatively, the debtor sought dismissal of the bankruptcy case in order that he might refile later and thereby obtain a discharge of the government's tax claim. Normally, a debtor's request to dismiss rests within the sound discretion of the court and will be granted where there is no prejudice to other interested parties. Contrariwise, where such dismissal would cause some plain legal prejudice to the creditors, the motion should be denied unless all creditors affirmatively consent to the dismissal. *In re Hall* (9th Cir. Bkrtcy.App., 1981) 15 B.R. 913, 5 CBC2d 1028; *In re Keller* (W.D. Wis., 1978) 3 BCD 1261; *In re Shell* (Bkrtcy.E.D.Wis., 1981) 14 B.R. 1010, 5 CBC2d 588. Further, dismissal should be denied where the debtor's purpose is to file a new petition and in effect obtain an enlarged discharge, in violation of the limitations that Congress has placed on chapter 7 relief. *In re Underwood* (Bkrtcy.S.D., W.Va., 1981) 7 B.R. 936, 3 CBC2d 640.

IT IS ORDERED that the debtor's complaint, asking that his 1977 income tax liability be declared discharged, be and the same is hereby dismissed.

IT IS FURTHER ORDERED that the debtor's motion to dismiss the chapter 7 case be and the same is hereby dismissed.