**In re Marjory A. HEATLEY, a/k/a Marjory Ann Heatley, Debtor.**

**Bankruptcy No. 83–04194 T.**

United States Bankruptcy Court, E.D. Pennsylvania.

Aug. 7, 1985.

Mark C. Van Horn, Allentown, Pa., for debtor.

Charles J. Hair, Allentown, Pa., for First Nat. Bank of Allentown.

James G. Watt, Allentown, Pa., trustee.

## MEMORANDUM OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

The debtor has filed, pursuant to section 707 of the Bankruptcy Code, 11 U.S.C. § 707, a motion for voluntary dismissal of her Chapter 7 bankruptcy case. The debtor seeks dismissal so that she can attempt to retain her resident real property by applying for and receiving mortgage assistance under the Pennsylvania Homeowner's Emergency Assistance Act, 35 P.S. § 1680.-401c, et seq. ("Act"). The motion is opposed by the First National Bank of Allentown ("Bank"), the second mortgagee of the debtor's resident real property. For the following reasons, we shall grant the debtor's motion.[1]

The above-cited Pennsylvania Act essentially provides that a state agency shall pay to all mortgagees the entire mortgage delinquency of eligible applicants. The state agency also provides mortgage payment assistance, according to a statutory formula, for up to 36 months. The Act contains provisions regarding eventual repayment to the agency by the mortgagor. According to the Act, the agency shall make its eligibility decision within 60 days of receipt of the mortgagor's application. During this time, mortgagees are stayed from commencing or proceeding with legal actions based upon their mortgages. Under the Act, a mortgagor is not eligible for any assistance so long as a mortgagee is prevented by law from foreclosing upon the mortgage. In the present case, the automatic stay of 11 U.S.C. § 362(a) prevents the two mortgagees from foreclosing upon their mortgages. If the debtor's case is dismissed, this bar to eligibility would be eliminated. Furthermore, the Act was not enacted until after the debtor had filed her bankruptcy petition. Under these circumstances, we find credible the debtor's assertion that if the Act had been in existence at the time she filed bankruptcy, she would have applied for assistance under the Act and, if granted, would have been able to avert bankruptcy because of the state agency's payment of her substantial mortgage delinquencies. Of course, only the aforementioned state agency can determine the debtor's eligibility for assistance. However, after reviewing both the eligibility requirements of the Act and the debtor's uncontradicted testimony, which we find credible, we conclude that if the debtor's bankruptcy case is dismissed, she has a reasonable likelihood of meeting all of the eligibility requirements of the Act, thereby saving her home from mortgage foreclosure. On the other hand, if the case continues to be administered in bankruptcy, it appears that the debtor would lose her home and receive in cash only the value of her limited exemption in that property.

Under 11 U.S.C. § 707, we may grant a motion for voluntary dismissal only "for cause". Cause is not defined in § 707. The determination of cause rests within the sound discretion of the courts. *See In re Carroll*, 24 B.R. 83 (Bankr.N.D.Ohio 1982); *In re Hammerer*, 18 B.R. 524 (Bankr.E.D. Wis.1982). In exercising such discretion, the courts have been guided by general equitable principles, including the balancing of competing interests. *See In re*

---

**1.** This Memorandum Opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

*Blue,* 4 B.R. 580 (Bankr.D.Md.1980); *In re Kapsos,* 18 B.R. 88 (Bankr.S.D.Fla.1982); *In re Martin,* 30 B.R. 24, 27 (Bankr.E.D.N.C.1983): "[T]he Debtor's reasons for a dismissal do not outweigh the prejudice that would result to her creditors." It has also generally been held that a voluntary dismissal will ordinarily be denied where it would prejudice creditors. *See In re Martin, supra,* 30 B.R. at 26, and cases cited therein.

In the present case, we clearly believe that the debtor has a valid reason for seeking dismissal, particularly in light of the fact that the Pennsylvania Act in question did not even exist at the time she filed bankruptcy. Under these circumstances, we have no doubt that the debtor is not attempting to abuse or manipulate the bankruptcy system. The debtor also alleges that her increased income since filing bankruptcy should enable her eventually to repay her unsecured creditors and judgment creditors, in addition to her keeping current on her future monthly payments to the two mortgagees. The debtor's testimony in this regard was credible, although somewhat inexact. We are cognizant that the ability of a debtor to repay his debts does not, in itself, constitute "cause" for dismissal under § 707. House Report No. 95–595 95th Cong., 1st Sess. (1977) 380; Senate Report No. 95–989, 95th Cong., 2nd Sess. (1978) 94, U.S. Code Cong. & Admin. News 1978, 5787. However, we believe that the debtor's sincere expressed intention to attempt to repay her debts, supported by the evidence that she presented thereon, represents a further indication of her good faith in seeking dismissal.

Regarding the question of prejudice to creditors, it appears, and no one has suggested otherwise, that neither the unsecured creditors nor the judgment creditors would receive any distribution from the debtor's estate if this case were not dismissed and proceeded to conclusion. Furthermore, it appears that if the bankruptcy proceeded to conclusion, the debts of all the unsecured creditors and judgment creditors would be discharged and the judicial liens of all the judgment creditors could be avoided pursuant to 11 U.S.C. § 522(f)(1). Therefore, not surprisingly, none of these creditors, nor the Trustee, suggest that they will be prejudiced by a dismissal. Also, the first mortgagee does not object to a dismissal. The sole objecting creditor is the second mortgagee Bank. The Bank points out that if the debtor's bankruptcy is dismissed, the debtor's judgment creditors would no longer be stayed by 11 U.S.C. § 362(a) from executing upon her home. Furthermore, the Pennsylvania Act in question has no application to judgment creditors, but only to mortgagees. Therefore, continues the Bank, if the debtor's bankruptcy case is dismissed, regardless of the debtor's application for or receipt of mortgage assistance under the Act, the judgment creditors would be free to execute upon her home and would do so. The Bank claims that the debtor would then have no choice but to file another bankruptcy petition, resulting in further delay, which would be prejudicial to the Bank. The Bank makes no other allegation of prejudice nor does it amplify upon the extent to which it believes that "further delay" would be prejudicial to it. In fact, the Bank offered no evidence whatsoever at the hearing on this matter. Although the Bank's allegation of prejudice is vague and its above scenario resulting in a second bankruptcy filing is speculative, we believe that the dismissal of this case may very well result in some unspecified delay in the satisfaction of the Bank's mortgage debt. Significantly, however, the Bank does not allege that its monetary interest or lien status in the subject property will be in any way diminished or less protected if the case is dismissed. While creditor delay is a factor to be considered in determining creditor prejudice, we believe that the Bank's allegation of delay is quite speculative. More importantly, the Bank does not in any way explain, nor did it offer any evidence as to, the extent to which it believes that the alleged delay is prejudicial to it. Therefore, we have no basis for finding that the Bank will suffer more than minimal prejudice if this case is dismissed.

While we agree, as indicated *supra,* that creditor prejudice will *ordinarily* defeat a request for voluntary dismissal, the present case fits within the exception to this general rule. Because the debtor has provided a compelling reason for voluntary dismissal and has shown her good faith in this matter, and because the only objecting creditor will suffer vague and minimal prejudice as a result of the dismissal, the debtor's motion for voluntary dismissal shall be granted.