**In re Gary Donald CRENSHAW, Debtor.**

**Bankruptcy No. 3-85-02207.**

United States Bankruptcy Court, W.D. Kentucky.

Aug. 20, 1986.

C. Hunter Daugherty, Nicholasville, Ky., for Cindy Ann True.

W. Craig Aulenbach, Louisville, Ky., for debtor.

Charles Simpson, Louisville, Ky., trustee.

## MEMORANDUM–OPINION

G. WILLIAM BROWN, Bankruptcy Judge.

Creditor, Cindy Ann True (True), moves to set aside this Court's Order dismissing the debtor's petition for Chapter 7 relief.

By way of background, the debtor filed for Chapter 7 relief on September 11, 1985. A Discharge Hearing was scheduled for January 9, 1986 and thereafter continued to February 6, 1986. On February 4, 1986, the debtor filed a Motion to Dismiss. Following notice and a hearing pursuant to Section 707, an Order dismissing the debtor's petition was entered, no objections thereto having been made.

On January 6, 1986, the debtor was involved in an automobile accident wherein True's husband was killed resulting in this claim on behalf of the deceased's estate. The court was not advised of this claimant, thus True was not notified of the Debtor's Motion to Dismiss, the hearing thereon held April 16, 1986, nor the Order entered dismissing the petition.

The debtor subsequently filed a new petition for Chapter 7 relief in the Eastern District of Kentucky on May 27, 1986 list-

ing the True claim. This motion by True to set aside the Dismissal Order of April 16, 1986 ensued.

A hearing was conducted on August 7, 1986 to consider the True motion at which counsel for the parties appeared, argued the merits of the case and thereafter tendered authorities in support of their respective positions.

True, by counsel, argues that this dismissal was sought for the sole purpose of adding post-petition creditors, was without cause, and violates both the letter and intent of Section 349(a) and Rules of Bankruptcy Procedure 1017(a). The debtor submits that the failure to permit inclusion of this post-petition liability in the second filing would clearly frustrate the debtor's ability to obtain a "fresh start", distinguishes post-petition voluntarily incurred debts from those involuntarily incurred; and differentiates cases seeking to voluntarily dismiss due to post-petition creditors verses the instant case which has, in fact, been dismissed.

■ The court initially notes that the debtor, in presenting the Motion to Dismiss on February 6, 1986, was less than candid with the Court or with those creditors adversely affected. The debtor argues these post-petition creditors are without standing to object to dismissal of the original petition and further are not entitled to notice thereof. The court finds that a petition dismissed on improper notice belatedly brought to the court's attention is not entitled to greater deference than a motion to dismiss not yet acted upon. Here, it is uncontroverted that no notice was given the post-petition creditors now sought to be discharged in this subsequent proceeding.

■ Even the authorities relied upon by the debtor emphasize that a voluntary dismissal will be permitted only where *all* creditors are given *proper* notice and *none* object. *In re Wirick*, 3 B.R. 539, 543 (Bkrtcy.E.D.Va.1980); *In re Wolfe*, 12 B.R. 686, 687 (Bkrtcy.S.D.Ohio 1981); and *In re Banks*, 35 B.R. 59, 61 (Bkrtcy.D.Md.1983). Of like accord is *In re Heatley*, 51 B.R.

518, 520 (Bkrtcy., E.D.Pa.1985), relied upon by the debtor which states that the debtor must have a valid reason for seeking dismissal and it must not be an attempt to abuse or manipulate the bankruptcy system. While "cause" rests within the sound discretion of the court, in the exercise thereof, the courts have been guided by general equitable principles, including the balancing of competing interests. *Heatley, supra,* further holds that the debtor must have shown good faith in the matter.

The present case is most analogous to *In re Underwood*, 7 B.R. 936 (Bkrtcy.S.D.W. Va.1981) which states:

> In the present case, the tort creditor is not identified and there is no indication that notice of the dismissal motion was given to it or any other post-petition creditors. As sought here, *the dismissal request does not afford procedural due process to adversely affected parties.* Neither the tort creditor nor any other post-petition creditor was given notice of the debtors' motion to dismiss. The only parties who received notice were those who might conceivably be benefited by a dismissal while the parties adversely affected had no notice. Lack of objection to the dismissal request can thus scarcely be held to adequately support the motion. (Emphasis added.)

Commenting on the adequacy of notice to creditors for the purpose of objections pursuant to Section 707, especially as such relates to post-petition creditors, the court in *Matter of Poirier*, 16 B.R. 691, 695 (Bkrtcy.D.Conn.1982) held:

> " ... where debtors intend immediately to file another chapter 7 case after dismissal of a first such case, and seek dismissal only for the purpose of listing additional creditors who became such after the filing of the first petition, the debtors must notice all post-petition creditors so that they may be heard on the dismissal application. Only after such notice is given can a court make a determination that there is no creditor objection to dismissal. Under these circumstances, the post-petition creditors be-

come parties in interest for the purpose of notice and the right to be heard."

The failure of debtor to notice those post-petition creditors now sought to be included in the second petition raises serious questions as to the validity of the Court's Order of Dismissal. Their preclusion from notice of the April 16, 1986 hearing and right to participate or object is hardly consonant with basic notions of due process or equitable principles. It is just such conduct which tends to taint the bankruptcy system unfairly due to the nefarious actions of debtors.

■ Finally, this Court is frequently confronted with the argument by debtors that their "fresh start" will be adversely affected should unfavorable results be forthcoming on pending issues. The debtors confuse the "fresh start" assured by the Bankruptcy Reform Act of 1978, as amended, with a right or privilege. It is neither. Rather, it is the "result" afforded to the honest debtor who complies with those responsibilities required of the debtor by the Code.

■ Accordingly, the Order dismissing the debtor's petition dated April 16, 1986 will be vacated. This Court finds the logic and admonition expressed in *In re Reynolds*, 4 B.R. 703 (Bkrtcy.D.Me.1980) worthy of repetition.

"To dismiss this pending case and permit the Debtor to file another petition and obtain a discharge of debts incurred since its filing would circumvent the Code and establish a dangerous precedent which could lead to abuses. An important function of the Bankruptcy Court is to prevent possible abuses of this important legislation."

Here the creditor has objected not only to the manner in which the debtor successfully obtained dismissal of his original petition, but to a dismissal of his petition for the sole purpose of refiling to include these post-petition obligations. The debtor, having voluntarily determined the time of filing and those thereby affected, cannot thereafter alter substantive rights of post-petition creditors absent their notice and consent or the presence of compelling equitable principles. Neither is present here.

This Memorandum-Opinion constitutes Findings of Fact and Conclusions of Law pursuant to Rules of Bankruptcy Procedure 7052. A separate Order will be entered this date.