**In re CAPISTRANO ASSOCIATES, Debtor.**

**Bankruptcy No. 86–00371–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

Oct. 10, 1986.

Jeffrey L. Zivyak, Breslow & Walker, New York City, Patricia M. Silver, Co-Counsel, Smith & Mandler, P.A., Miami, Fla., for debtor.

Herbert Stettin, Miami, Fla., for State Court Receiver.

Stroock & Stroock & Lavan, Leroy Culton, Miami, Fla., for Consolidated Capital Properties.

## ORDER OF DISMISSAL

THOMAS C. BRITTON, Chief Judge.

This chapter 11 case was transferred from New York to this court in January. The debtor's plan was before the court on a continued confirmation hearing on October 9, together with the debtor's motion (C.P. No. 57) that this case be dismissed.

The debtor's motion acknowledges that the debtor cannot obtain support for its plan and concedes that confirmation must be denied. The motion for dismissal notes that the debtor's only hope of survival depends upon the outcome of litigation pending in the state court against its major creditor. If it wins, it will be able to satisfy the claims of all creditors, but if it loses it cannot continue.

The major creditor, a mortgagee, opposes dismissal. (C.P. No. 59). This creditor has filed a competing plan which is tentatively scheduled for a confirmation hearing on November 17. This creditor concedes that it has no claim against the debtor other than its secured claim (presently pending in the state court) and, therefore, would have no interest in nor could it benefit from any asset of the debtor other than its collateral (an apartment house). Although it professes an interest in the welfare of other creditors, its real and only reason for wishing to stay in this court is that its dispute with the debtor would be tried and decided quicker in this court than in the state court.

No other creditor has appeared to oppose the debtor's motion to dismiss.

I find that the interests of creditors and the debtor (viewed collectively) would be better served by dismissal of this case as requested by the debtor. Accordingly, this case is dismissed pursuant to 11 U.S.C. § 305(a)(1). Dismissal is with prejudice to the filing of any bankruptcy petition involving this debtor earlier than one year after this order becomes final.

The objecting mortgagee/creditor has argued that some fees were paid by the debtor to its counsel after bankruptcy, but without court authorization as is required by §§ 330 and 331, and that this unauthorized diversion of funds involved a part of the objector's collateral. The objector does not explain why it has not sought redress before, but in any event it can readily obtain redress in its pending state court action in which a receiver was appointed.