In re Terry L. **COMPSTON** and Nancy L. Compston, Debtors.

Bankruptcy No. 93–31380.

United States Bankruptcy Court, N.D. Ohio, W.D.

Oct. 27, 1993.

Janice A. Quatman, Lima, OH, for debtors.

Bruce C. French, Lima, OH, Trustee.

_____

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Debtors' Motion to Dismiss. At the Hearing, Debtors were afforded the opportunity to present evidence and arguments they wished the Court to consider in reaching its decision. The Court has reviewed the entire record in this case. Based upon that review, and for the following reasons, this Court finds that Debtors' Motion to Dismiss should be Denied.

### FACTS

Debtors filed their Petition pursuant to Chapter 7 of the United States Bankruptcy Code on May 3, 1993. No creditors have filed claims. Between May 3, 1993 and September 20, 1993, Debtors were involved in an automobile accident. The Trustee filed a Report of a No–Asset Case on September 2, 1993. Debtors subsequently filed a Motion to Dismiss their Chapter 7 Petition in order to refile and include any postpetition claims emanating from the accident. Neither the Trustee nor any named Creditors filed objections or appeared at the Hearing on Debtors' Motion to Dismiss.

### LAW

**11 U.S.C. § 707. Dismissal**

(a) The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—

(1) unreasonable delay by the debtor that is prejudicial to creditors; [or]

(2) nonpayment of any fees [or] and charges required under chapter 123 of title 28 [28 USC §§ 1911 et seq.]; and

(3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States trustee.

**Rule 1017. Dismissal or Conversion of Case; Suspension**

(a) VOLUNTARY DISMISSAL; DISMISSAL FOR WANT OF PROSECUTION OR OTHER CAUSE. Except as provided in §§ 707(b), 1208(b), and 1307(b) of the Code, a case shall not be dismissed on motion of the petitioner or for want of prosecution or other cause or by the consent of the parties prior to a hearing on notice as provided in Rule 2002. For such notice the debtor shall file a list of all creditors with their addresses within the time fixed by the court unless the list was previously filed. If the debtor fails to file the list, the court may order the preparing and filing by the debtor or other entity.

### DISCUSSION

Based upon these circumstances, this Court must determine if Debtors should be permitted to dismiss their Chapter 7 Petition for the sole purpose of refiling to include postpetition debts. Pursuant to 11 U.S.C. § 707 and Bankruptcy Rule 1017, this Court has jurisdiction to dismiss a case filed by the individual Debtor which arises under Chapter 7.

This Court finds four (4) reasons why Debtors' Motion to Dismiss should be denied. First, the Bankruptcy Code perpetuates the "fresh start" concept through the discharge of past indebtedness. *In re Underwood,* 7 B.R. 936 (Bankr.S.D.W.Va.1981), *aff'd* 24 B.R. 570 (D.C.W.Va.1982) (citing H.R.DOC. NO. 93–137, 93rd Cong., 1st Sess. 62–64 (1973); H.R.REP. NO. 95–595, 95th Cong., 1st Sess. 384–85 (1977); S.REP. NO. 95–989, 95th Cong., 2d Sess. 98–99 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787). Moreover, the filing of a petition in bankruptcy has a signifi-

cant legal consequence upon the substantive rights of all parties. Stays are issued; the accrual of interest on certain claims is terminated; an estate is created; a Trustee is appointed; and certain debts are discharged. Dismissal for the sole purpose of filing a new petition only circumvents these provisions of the Bankruptcy Code, thus violating the limitations which Congress places upon Chapter 7 relief. *In re Underwood, id.* at 938 (citing *In re Reynolds,* 4 B.R. 703 (Bkrtcy.D.Me. 1980) and *In re Blackmon,* 3 B.R. 167 (Bkrtcy.S.D.Ohio 1980)).

Second, in the case at bar there is no evidence that the postpetition Creditors were served with the Motion to Dismiss or notified of the Hearing on the Motion to Dismiss. Procedural due process mandates that all creditors be given proper notice and the opportunity to object to the motion for dismissal. *In re Crenshaw,* 65 B.R. 90 (Bkrtcy. W.D.Ky.1986) (citing *In re Wirick,* 3 B.R. 539, 543 (Bkrtcy.E.D.Va.1980); *In re Wolfe,* 12 B.R. 686, 687 (Bkrtcy.S.D.Ohio 1981); and *In re Banks,* 35 B.R. 59, 61 (Bkrtcy.D.Md. 1983)). When debtors seek dismissal only for the purpose of listing postpetition creditors, the debtors must notice all postpetition creditors. *In re Poirier,* 16 B.R. 691 (Bkrtcy.D.Conn.1982). Under these circumstances, prospective creditors become parties in interest for the purpose of notice and the right to be heard. *In re Crenshaw, supra* at 92. Only upon this notice can a court make a determination that there is no creditor's objection to dismissal. *In re Poirier, supra* at 695.

Third, pursuant to 11 U.S.C. § 707 and Bankruptcy Rule 1017, a voluntary dismissal will be granted upon a showing of "cause" by the Debtor. The Bankruptcy Code does not define "cause" and therefore motions for voluntary dismissal rest within the sound discretion of the court's principles on equity. *In re Heatley,* 51 B.R. 518 (Bkrtcy.E.D.Pa. 1985). The prevailing view holds that a voluntary Chapter 7 Debtor is entitled to dismissal so long as the such dismissal will cause no legal prejudice to interested parties. *In re Klein,* 39 B.R. 530, 532 (Bankr. E.D.N.Y.1984) (citing *In re International Airport Inn Partnership,* 517 F.2d 510 (9th Cir.1975); *In re Hall,* 15 B.R. 913 (9th Cir. BAP 1981); *Hammerer v. IRS (In re Hammerer),* 18 B.R. 524 (Bkrtcy.E.D.Wis.1982); and *In re Williams,* 15 B.R. 655 (E.D.Mo. 1981), *aff'd* 696 F.2d 999 (8th Cir.1982)). Absent Debtors' representation that dismissal of the pending Chapter 7 case will enable them to file another Chapter 7 case for purposes of including postpetition debt, there is no evidence showing "cause" for dismissal or that dismissal will not prejudice the rights of postpetition creditors.

Fourth, Debtors are not without recourse. While Debtors may not file a Chapter 7 case within six (6) years after a prior bankruptcy discharge, they are not precluded from discharging the postpetition debt in a subsequently filed Chapter 13. Relief under the provisions of Chapter 13 results in a discharge notwithstanding the entry of a discharge under Chapter 7 within the previous six years. *In re Underwood, supra* at 938.

Based upon the foregoing reasons, Debtors' Motion to Dismiss Chapter 7 Bankruptcy should be Denied. In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

*Accordingly, it is*

**ORDERED** that Debtors' Motion to Dismiss Chapter 7 Bankruptcy be, and is hereby, **DENIED.**