**William D. MANN, Appellant–Debtor,**

v.

**AMERICAN FEDERATED LIFE INSUR-ANCE COMPANY AND AMERICAN FEDERATED INSURANCE COMPA-NY, Appellees.**

No. 3:97CV344LN.

United States District Court,
S.D. Mississippi,
Jackson Division.

Oct. 20, 1997.

Richard A. Montague, Jr., Jackson, MS, for Appellant.

Patrick H. Scanlon, Scanlon, Sessums, Parker & Dallas, Ronald McAlpin, Trustee, Jackson, MS, for Appellees.

*MEMORANDUM OPINION
AND ORDER*

TOM S. LEE, District Judge.

Debtor-appellant William D. Mann appeals to this court the opinion and judgment of the bankruptcy court denying his motion to dismiss his Chapter 11 bankruptcy case. Mann maintains that the decision of the bankruptcy court was in error inasmuch as American Federated Life Insurance Company (AFLIC) and American Federated Insurance Company (AFIC), the only creditors which opposed his motion for dismissal, have not shown that they will suffer any plain legal prejudice in the event of dismissal. On the other hand, AFLIC and AFIC, appellees, submit that Mann has not shown cause for dismissal of his bankruptcy case, and further, that Mann has also failed to show that state law would provide appellees with equivalent protection to that which is provided by the bankruptcy code, and that therefore, Mann has not sustained his burden to justify his motion for dismissal.

There is no provision of the bankruptcy code which appears to specifically contemplate requests for dismissal by debtors. Rather, 11 U.S.C. § 1112, which authorizes the bankruptcy court, "for cause," to either dismiss a chapter 11 proceeding or convert it to a case under chapter 7, "whichever is in the best interest of the creditors and the estate," defines "cause" primarily by reference to the debtor's failure or inability to timely submit, obtain confirmation of and/or consummate a confirmed plan of reorganization or his material default with respect to a confirmed plan, and more generally, by the absence of a reasonable likelihood of rehabilitation. In other words, the section contemplates a motion by the creditors or the United States trustee or bankruptcy administrator for dismissal of conversion due to the debtor's acts or omissions. Neverthe-

less, the parties agree that since this is the section of the bankruptcy code which authorizes dismissal of a chapter 11 case, then this is the section which governs all requests for dismissal, including those by debtors.

Of the few cases which address the inquiry applicable in connection with requests by debtors for dismissal, Mann contends that the most well-reasoned opinions are those holding that "a debtor wishing dismissal of a case should obtain this result in all but extraordinary situations." *In re Geller,* 74 B.R. 685 (Bankr.E.D.Pa.1987). While the court in *Geller* professed a belief that "all creditors and the Trustee should clearly have an opportunity to convince the Court that 'cause' in the form of 'plain legal prejudice' for refusing to allow a debtor to voluntarily dismiss a bankruptcy case exists," 74 B.R. at 690, the court was unequivocal in its view that such "plain legal prejudice" would rarely be found to exist. That is, the court was "hardpressed to articulate just what circumstances could constitute such 'plain legal prejudice,' ... to justify the result of denial of a request to voluntarily dismiss a voluntary case." *Id.* See also *In re Kimble,* 96 B.R. 305, 308 (Bankr.D.Mont.1988) (quoting *Geller*). In reliance on *Geller* and *Kimble,* Mann maintains that because AFLIC and AFIC failed to demonstrate that they would suffer any prejudice in the event the bankruptcy case were to be dismissed, and certainly showed no "plain legal prejudice," then his request for dismissal should have been granted.

■ Contrasted with *Geller* and *Kimble* are several cases which purport to allow dismissal only when the debtor shows that there is "cause" for concluding that a dismissal is "in the best interest of creditors and the estate." See *In re Warner,* 83 B.R. 807, 809 (Bankr.M.D.Fla.1988); see also *Rollex Corp. v. Associated Materials, Inc. (In re Superior Siding & Window, Inc.),* 14 F.3d 240, 242 (4th Cir.1994) ("Once 'cause' is established, a

court is required to consider ... whether to dismiss or convert."); *In re Staff Investment Co.,* 146 B.R. 256 (Bankr.E.D.Cal.1992) ("Upon the requisite showing of cause under section 1112(b), it is up to the court to choose between dismissal or conversion, 'whichever is in the best interest of creditors and the estate' "). The courts so holding recognize that "cause will not exist if dismissal will result in possible prejudice to the creditors." *In re Warner,* 83 B.R. at 809 (citing cases). In keeping with the principles espoused in these cases, the bankruptcy court held that Mann was required to demonstrate "cause," and implied a concomitant requirement that he show that the creditors and estate would be better off, or at least in as good a position with Mann out of bankruptcy as with him in bankruptcy. The bankruptcy court did not share Mann's apparent view that a debtor's request for dismissal in and of itself constitutes "cause" for dismissal and instead, noting the Fifth Circuit's observation that "once brought voluntarily by a debtor, a chapter 11 proceeding may not be dismissed upon his motion alone, but requires a 'for cause' finding by the court," *Stinson v. Williamson (Matter of Williamson),* 804 F.2d 1355, 1360 (5th Cir.1986), the court concluded that a showing of "cause" by the debtor was a prerequisite to dismissal.

■ This court concurs in the bankruptcy court's view as to the proper legal analysis applicable to Mann's motion and further shares in its opinion that Mann established neither cause for dismissal nor that dismissal would not adversely affect appellees and/or the bankruptcy estate. Mann's contention to the bankruptcy court that "cause" for dismissal existed by virtue of the fact that he likely stands to obtain a greater potential recovery in state court in his separate litigation with appellees than he would if the case were to remain in the district court is obvious speculation.[1] Moreover, the bankruptcy court was unable to conclude that the credi-

---

1. In fact, by opinion which this court will enter this date in the litigation between these parties, *William D. Mann and Dorothy Mann v. American Federated Life Ins Co., et al.,* No. 3:96cv741 (S.D.Miss.1997), the court has determined that the Manns' complaint against the appellees fails as a matter of law, which is to say, the court has

concluded that the Manns' have *no* potential for recovering any amount against appellees. This is a decision of law which this court necessarily presumes would have been resolved in the very same manner had the case been decided by a state court judge.

tors or estate would not be prejudiced by dismissal of the bankruptcy case. With that conclusion, this court cannot disagree.

For these reasons, therefore, the court concludes that the bankruptcy court's order should be, and the same is hereby affirmed.[2]

---

**2.** The court would note that in view of the fact that a ruling will this day issue in the district court litigation between the parties, it is conceivable that Mann might reurge his motion to dis-
miss the bankruptcy case and that the considerations which would then govern that motion might (but would not necessarily) be viewed differently by the bankruptcy court.