**In re Judith Eloise HANEY.**

**Bankruptcy No. 98–41169 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Western Division.

Oct. 18, 1999.

*co Community Hospital, Inc.,* 912 F.2d 129 (6th Cir.1990); *Boyd v. Bulala,* 905 F.2d 764 (4th Cir.1990).

Judith Haney, Hot Springs Village, AR, pro se.

James Dendy, Little Rock, AR, for defendant.

M. Randy Rice, Little Rock, AR, Chapter 7 Trustee.

### *ORDER DENYING MOTION TO DISMISS*

MARY D. SCOTT, Bankruptcy Judge.

This Cause is before the Court upon the debtor's "Fourth Amended Motion to Withdraw Chapter 7 Bankruptcy Petition and Combined Notice to Creditors," filed on September 13, 1999. Debtor first sought to dismiss her chapter seven case on August 2, 1999, a date just two days prior to trial of an adversary proceeding filed against her by her former spouse under section 523(a)(15).[1] The former spouse, Robert Fureigh, objected to dismissal, but later withdrew his objection when he was unsuccessful in his section 523(a) action.[2] Inasmuch as the Code re-

---

1. Trial was scheduled to begin at 1:30 p.m. on August 4, 1999, and, despite motions by the debtor to stay the proceeding, trial began on that date, concluding on August 5, 1999.

2. Since dismissal of the case would nullify the court's determination that the debt was dischargeable, 11 U.S.C. § 349, this action is not surprising.

quires notice and opportunity for hearing on the motion to dismiss and in light of a concern that the debtor did not fully understand the legal effect of dismissing the case,[3] the Court held a hearing on October 14, 1999, and questioned the debtor regarding her motion to dismiss the case.

Pursuant to section 707(a) of the Bankruptcy Code, in a chapter 7 case a court has discretion to dismiss a chapter 7 case only after notice and a hearing and "only for cause." Unlike the chapter 13 context, the debtor has no absolute right to dismissal. *In re Wilde,* 160 B.R. 625, 626 (Bankr.W.D.Mo.1993). In order to obtain a dismissal of a chapter 7 case, the debtor must make the showing of cause, *Mann v. American Federated Life Insurance Company,* 215 B.R. 822 (S.D.Miss. 1997), and the Court should deny the motion if there is any showing of prejudice to creditors. *In re Leach,* 130 B.R. 855 (9th Cir. BAP 1991).

Each of the debtor's serial motions to dismiss state essentially the same grounds, namely that (1) her rights were in jeopardy of being compromised by the lack of legal counsel; (2) she had no legal expertise; (3) her petition contained errors which served to undermine her rights under chapter 7. The remainder of the motion contains over twenty five paragraphs of allegations against the various attorneys who represented her in earlier stages of this case, the attorneys against whom she is litigating and the judge formerly assigned to this case. None of these contentions constitute cause for dismissal of the case. Not only is legal inexpertise not grounds, the debtor has been repeatedly warned by the Court that she could and should seek legal representation. In any event, the debtor has not only had representation in this case, having had three separate attorneys review her case and two very competent attorneys appear on her behalf, she successfully represented herself in a section 523(a)(15) action in a lengthy trial. Thus, cause is not demonstrated by these contentions.

At hearing, the debtor did not rely upon these contentions. Rather, as had been implied in her motions, she intended to refile a chapter 7 bankruptcy case.[4] Her asserted purpose is that, since the filing of this chapter 7 case on March 6, 1998, she has acquired more debt that she would seek to have discharged. This is an abuse of the Bankruptcy Code and system. Under section 727(a)(8) a debtor may not receive a discharge if "the debtor has been granted a discharge ... in a case commenced within six years before the date of the filing of the petition." By seeking to dismiss and refile her case, the debtor seeks to circumvent this provision and, it would appear, reside endlessly in bankruptcy, maintaining a perpetual automatic stay.

The case authority *uniformly* holds that a debtor may not dismiss a chapter 7 case in order to file another chapter 7 case for the purpose of listing creditors who became such after the filing of the first petition. *See In re Underwood,* 24 B.R. 570 (S.D.W.V.1982) ("Their case had nearly run its course when they determined that they wished to dismiss in order to refile and add the postpetition tort claimant. Thus, the debtors seek not one fresh start, but two. In this fashion, they propose to circumvent the six-year limitation on Chapter 7 bankruptcy discharges contained in section 727(a)(8).... Under the

---

3. For example, having successfully defended the dischargeability action, the debt which had caused not only extensive litigation in state court but also mental health problems, *see Fureigh v. Haney (In re Haney),* 238 B.R. 432 (Bankr.E.D.Ark.1999), would be discharged in this suit. A dismissal would result in the debt being resurrected and subject to collection by her former spouse.

4. Indeed, she stated that upon the expected ruling that the case would be dismissed, she would immediately proceed down the two flights of stairs to the clerk's office and file a new petition.

circumstances of this case, one could aptly conclude that the debtors had neither alleged nor shown cause warranting dismissal without prejudice."); *In re Harker*, 181 B.R. 326 (Bankr.E.D.Tenn.1995); *In re Sheets*, 174 B.R. 254 (Bankr.N.D.Ohio 1994) ("There is seldom a time when any debtor stops acquiring new debt in some form. The Bankruptcy Code contemplates that a singular point in time, the date of the filing of the bankruptcy petition, is to be used to define the bankruptcy estate and the debts that are to be discharged. Simply put, it has to stop sometime. There will always be additional debts, and Congress has chosen to only allow the benefits of a Chapter 7 discharge once every six years. Allowing debtor to add additional creditors undermines the fundamental precept of the bankruptcy system."); *In re Compston*, 161 B.R. 636 (Bankr.N.D.Ohio 1993); *In re Carroll*, 24 B.R. 83 (Bankr.N.D.Ohio 1982); *In re Flack*, 19 B.R. 251 (Bankr.N.D.Iowa 1982); *In re Kimball*, 19 B.R. 300 (Bankr.D.Me. 1982); *Hammerer v. Internal Revenue Service*, 18 B.R. 524 (Bankr.E.D.Wis.1982); *Matter of Poirier*, 16 B.R. 691 (Bankr. D.Conn.1982); *In re Reynolds*, 4 B.R. 703 (Bankr.D.Me.1980); *see also In re Schwartz*, 58 B.R. 923 (Bankr.S.D.N.Y. 1986); *In re Mathis Insurance Agency, Inc.*, 50 B.R. 482 (Bankr.E.D.Ark.1985).

Even if a desire to obtain immediate discharge of postpetition debt could be considered cause for dismissal, the debtor failed to demonstrate that cause exists in this case. Although the debtor stated that she desired to immediately refile a chapter 7 case in order to obtain discharge of debts acquired since the filing of the petition in March 1998, and purportedly had the new petition in her briefcase, she could not state a single new debt that she wanted to discharge.[5] Rather, in recounting her current financial condition and recent transactions, she stated that she paid cash for a car and software for her business. Not only are her contentions belied by the facts she did reveal, her demeanor was not consistent with truthfulness. Indeed, her demeanor altered constantly—from coy to tears—in transparent attempts to manipulate the Court and the conduct of the hearing.

The Court cannot countenance the abuse of the Bankruptcy Code, the bankruptcy system, nor the repeated attempts to exhaust the resources of the federal and state court systems. The debtor's litigation with her former spouse is now at an end. The debtor's bankruptcy case is essentially concluded and awaits only the clerical functions of entry of the discharge. Once the few pending motions relating to debtor's litigation with her former spouse are concluded, the case may be closed. Thus, the debtor's litigation will cease and she will receive the debt relief she needs. Congress provided for "fresh start" not a "head start" such that the debtor's motion must be denied. *See In re Ontiveros*, 198 B.R. 284, 290 (C.D.Ill.1996); *In re Harris*, 226 B.R. 924, 925 (Bankr.S.D.Fla.1998). Accordingly, it is

**ORDERED** that the debtor's "Fourth Amended Motion to Withdraw Chapter 7 Bankruptcy Petition and Combined Notice to Creditors," filed on September 13, 1999, is Denied. The clerk shall forthwith enter discharge in this case.

**IT IS SO ORDERED.**

---

5. The Court is aware only of the sanctions owed to Robert Fureigh's attorney in the amount of $450.