**In re Linda HOPKINS, Debtor**

**No. 99–33121 KJC.**

United States Bankruptcy Court,
E.D. Pennsylvania.

April 27, 2001.

David S. Laustsen, Adelstein & Laustsen, Doylestown, PA.

John Francis Murphy, Doylestown, PA.

Michael Kaliner, Fairless Hills, PA, trustee.

## MEMORANDUM

KEVIN J. CAREY, Bankruptcy Judge.

### BACKGROUND

On October 18, 1999, the debtor filed a chapter 13 bankruptcy case and on May 15, 2000 her chapter 13 plan was confirmed. On July 31, 2000, upon the debtor's election, an order was entered converting the case to chapter 7. Now before the Court is the debtor's "Motion To Dismiss Chapter 7 Bankruptcy" (the "Motion") which seeks dismissal of the chapter 7 bankruptcy case under 11 U.S.C. § 707. The certificate of service for the Motion states that it was served upon "all creditors, the U.S. Trustee, Michael Kaliner, Esq., Trustee, and all interested parties". Only one creditor, Robert Paternostro, filed a response to the Motion, objecting to dismissal and arguing that the debtor's reason for requesting dismissal was to terminate two adversary proceedings brought

by Mr. Paternostro. (*See* footnote 4, *infra.*)

A hearing on the Motion was held on February 7, 2001 and the parties submitted post-hearing memoranda of law. For the reasons which follow, the debtor's Motion is denied.[1]

### LEGAL STANDARD

■ Section 707(a) of the Bankruptcy Code provides that the court can dismiss a chapter 7 case only after notice and hearing and only for "cause". 11 U.S.C. § 707(a). Although this section does not expressly provide that a chapter 7 debtor can dismiss her case, courts have found that chapter 7 debtors may move for voluntary dismissal under this section. *In re Turpen,* 244 B.R. 431, 434 (8th Cir. BAP 2000). However, chapter 7 debtors do not have an absolute right to dismissal. *Id.*[2] To succeed on a dismissal motion, a chapter 7 debtor must "...make a showing of cause and demonstrate why dismissal is justified.... Even if the debtor can show cause, the court should deny the motion if there is any showing of prejudice to creditors." *Turpen, supra* at 434 (citations omitted). *See also In re Heatley,* 51 B.R. 518, 519–20 (Bankr.E.D.Pa.1985).

### DISCUSSION

■ Paragraph 2 of the Motion sets forth the following reason for dismissal: "The Debtor has realized that filing a chapter 7 case was a mistake and now proposes to pay all creditors in full."

However, it is clear from both the legislative history of 11 U.S.C. § 707 and relevant caselaw that a debtor's ability to repay her debts will not, on its own, constitute "cause" for dismissal. H.R.Rep. No. 595, 95th Cong., 1st Sess 380 (1977); S.Rep.No. 989, 95th Cong., 2d Sess. 94 (1978); *Turpen,* 244 B.R. at 434; *Heatley,* 51 B.R. at 520; *In re Spatz,* 221 B.R. 992, 994 (Bankr.M.D.Fla.1998). Even so, the debtor's own testimony at the February 7, 2001 hearing cast doubt on the debtor's ability to repay creditors. She testified that her current employer would be retiring in June 2001 and, although she was seeking other employment, it appeared that the new jobs for which she had applied pay less than her current position but may have better benefits. (Transcript February 7, 2001 at pp. 4–5). Further, while the debtor's schedules show that she owes unsecured creditors $12,500[3], she testified that at this time she only had approximately $100 per month to use for payment of her creditors. (Tr. at p. 25).

■ At the hearing, the debtor provided conflicting testimony about why she wanted her bankruptcy case dismissed. First, she testified that she wanted the case dismissed so that she could "...refile and start again." (Tr. at p. 12 and pp. 26–27). Later, after prompting by her counsel, the debtor testified that she wanted the bankruptcy case dismissed so that the subject matter of the adversary proceedings filed against her by Mr. Paternostro could be

---

1. This Memorandum constitutes the findings of fact and conclusions of law required by Fed. R. Bankr.P. 7052.

2. *See also In re Leach,* 130 B.R. 855 , 857, n. 5 (9th Cir.1991) which states, "While the debtor may voluntarily choose to place himself in bankruptcy, he does not enjoy the same discretion to withdraw his case once it has been commenced." (citations omitted).

3. The debtor's schedules also show a secured claim of Banker's Trust Co., c/o Countrywide Home Loans, in the amount of $130,000, secured by a mortgage against a property located at 628 Rustic Drive, Perkasie, PA. The debtor testified that the bank had foreclosed on this property and was uncertain whether there is a deficiency claim. (Tr. at p. 22).

resolved in state court. (Tr. at pp. 13–14 and p. 18). Even assuming that the second reason offered for dismissal (*i.e.* litigating the adversary proceeding matters in state court) could provide "cause" for dismissal of the bankruptcy case[4], the court cannot dismiss the case if there is a showing of prejudice to the creditor. *Turpen*, 244 B.R. at 435. *See also Matter of Atlas Supply Corp.*, 857 F.2d 1061, 1063 (5th Cir.1988); *In re Compston*, 161 B.R. 636, 638 (Bankr.N.D.Ohio 1993).[5]

The debtor's case was converted from chapter 13 to chapter 7 after the debtor and Mr. Paternostro separated. (Tr. at p. 9). Mr. Paternostro testified that he has various claims against the debtor that arose after the filing of the bankruptcy petition. (Tr. at pp. 28–30). Numerous courts have denied a debtor's voluntary motion to dismiss a case when the debtor intends to refile and list post-petition debts, finding that such action causes prejudice to creditors. E.g., *In re McCullough*, 229 B.R. 374, 377 (Bankr.E.D.Va.

1999); *In re Sheets*, 174 B.R. 254, 256 (Bankr.N.D.Ohio 1994); *Compston*, 161 at 638. Furthermore, courts have decided that refiling to list post-petition debts circumvents the provisions of the Bankruptcy Code and violates the limitations which Congress placed upon chapter 7 relief. *Compston*, 161 B.R. at 638. The *Sheets* court wrote:

The Bankruptcy Code contemplates that a singular point in time, the date of the filing of the bankruptcy petition, is to be used to define the bankruptcy estate and the debts that are to be discharged. Simply put, it has to stop sometime. There will always be additional debts, and Congress has chosen to only allow the benefits of a Chapter 7 discharge once every six years. Allowing debtor to add additional creditors undermines the fundamental precept of the bankruptcy system.

*Sheets*, 174 B.R. at 256. The *Compston* and *Sheets* courts also found that a debtor

4. As described in Mr. Paternostro's brief, the adversary proceedings include (i) an action against the debtor seeking a determination of his ownership interest in certain real property (Adv. No. 00–538), which presumably could be heard and decided in state court; and (ii) a contest to discharge and nondischargeability issues (Adv. No. 00–727), which would become moot if the case is dismissed. One creditor's desire to have his disputes heard more quickly in bankruptcy court rather than state court is not a sufficient reason to deny a debtor's motion for dismissal of the bankruptcy case. *In re Capistrano Associates*, 66 B.R. 421, 422 (Bankr.S.D.Fla.1986) (which involved a chapter 11 debtor's motion for dismissal after the debtor failed to obtain confirmation of a plan). But for the showing of prejudice to the creditor in this matter (as discussed *supra*), these facts may have supported "cause" for dismissal.

5. The debtor urges the court to adopt the test for voluntary dismissal as set forth in *In re Geller*, 74 B.R. 685 (Bankr.E.D.Pa.1987) which sets a lower threshold and provides

that a request for voluntary dismissal should generally be granted unless a creditor could show that "plain legal prejudice" to creditors would result. *Geller*, 74 B.R. at 690. The *Geller* case, which reviewed dismissal motions under both Sections 707 and 1112(b), was criticized by the court in *In re Mechanical Maintenance, Inc.*, 128 B.R. 382 (E.D.Pa. 1991). However, even under *Geller*, which favors granting a voluntary dismissal motion in "all but extraordinary circumstances" (*id.),* the debtor here would still not be successful, since courts have held that a dismissal and refiling which affects a creditor's rights results in "plain legal prejudice" to the creditor. *Leach*, 130 B.R. at 857 (The 9th Circuit Court of Appeals denied the debtor's dismissal motion when the reason for dismissal was to refile and discharge certain tax liabilities, finding that the refiling would result in plain legal prejudice to the United States.) *Cf. In re Haque*, 256 B.R. 352 (Bankr.D.Mass.2000) (Court denied the debtor's dismissal motion when the debtor's stated intention was to refile to take advantage of increased state law exemptions).

who is prevented from dismissing and re-filing her chapter 7 case is not without recourse for discharging post-petition debt. Although a debtor may not file a chapter 7 case within six years after a prior bankruptcy discharge, a debtor may file a subsequent chapter 13 case and obtain a discharge of post-petition debt. *Compston,* 161 B.R. at 638; *Sheets,* 174 B.R. at 256.

In this case, the debtor's testimony demonstrated her intent to refile, either soon after dismissal or after a state court hearing determining Mr. Paternostro's post-petition claims. We agree with the cases which hold that such action may cause prejudice to a creditor, and, under the circumstances before this Court, find that prejudice would be suffered by Mr. Paternostro if a dismissal were allowed. The debtor's Motion will be denied.[6] An appropriate order follows.

### *ORDER DENYING MOTION FOR DISMISSAL*

**AND NOW,** this 27th day of April, 2001, for the reasons given in the accompanying Memorandum, the Debtor's Motion To Dismiss Chapter 7 Bankruptcy is **DENIED.**

---

6. In light of the Court's disposition of the Motion, status hearings on both adversary matters will be scheduled.